## LUIS A. RIVERA *v.* COMMISSIONER OF CORRECTION (AC 19406)

Lavery, C. J., and Landau and Schaller, Js.

Argued October 23, 2000—officially released February 20, 2001

*Adele V. Patterson*, assistant public defender, for the appellant (petitioner).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, was *Jonathan C. Benedict*, state's attorney, for the appellee (respondent).

*Opinion*

LANDAU, J. The petitioner, Luis A. Rivera, appeals from the judgment of the habeas court dismissing his second amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly concluded that he was not denied his constitutional rights (1) to effective assistance of counsel in violation of the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the constitution of Connecticut, and (2) to due process of law in violation of the fourteenth amendment to the United States constitution and article first, § 8, of the constitution of Connecticut. We affirm the judgment of the habeas court.

The facts pertinent to this appeal are fully set forth in *State* v. *Rivera*, 223 Conn. 41, 42–43, 612 A.2d 749 (1992), and are summarized here for our resolution of this appeal. In 1986, the petitioner's relationship with

his long time live-in girlfriend, Camilia Bellido, ended. On August 18, 1989, the petitioner forced his way into Bellido's apartment by kicking in the front door. The petitioner searched the apartment and found the victim, Aurelio Monge, in the shower. He held the victim at knifepoint and ordered him to leave the apartment. Still wet from the shower, the victim fell down the apartment stairs. The petitioner followed the victim down the stairs and attacked him with the knife. The victim died as a result of the attack.

On December 7, 1990, after a trial to a jury, the petitioner was convicted of murder in violation of General Statutes § 53a-54a (a), burglary in the first degree in violation of General Statutes § 53a-101 (a) and assault in the third degree in violation of General Statutes § 53a-61 (a) (3). The court committed the petitioner to the custody of the commissioner of correction for a term of thirty years. The petitioner's conviction was affirmed on appeal. *State* v. *Rivera*, supra, 223 Conn. 42. The petitioner sought habeas corpus relief, and, following an evidentiary hearing, the habeas court dismissed the petitioner's second amended petition for a writ of habeas corpus. Subsequently, the habeas court granted the petition for certification to appeal. Additional facts will be discussed where relevant to our resolution of the petitioner's claims.

I

The petitioner first claims that the habeas court improperly dismissed his petition for a writ of habeas corpus because it failed to find that the petitioner was denied the effective assistance of trial and appellate counsel in violation of the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the constitution of Connecticut. Specifically, the petitioner claims that he was denied effective assistance of counsel because (1) his trial counsel (a) failed to

object to or request a correction of the court's jury instruction on the defense of extreme emotional disturbance, (b) unduly limited the jury from considering the defense of extreme emotional disturbance in its broadest sense and (c) failed to provide the petitioner with a Spanish language interpreter during voir dire, and (2) his appellate counsel failed to raise a challenge to the court's instruction on extreme emotional disturbance. We address these claims in turn.

Our standard of review is well established. In a habeas corpus appeal, the reviewing court may not disturb the historical facts found by the habeas court unless they are clearly erroneous. See *Morrison* v. *Commissioner of Correction*, 57 Conn. App. 145, 147, 747 A.2d 1058, cert. denied, 253 Conn. 920, 755 A.2d 215 (2000). Our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is, however, plenary. *Fuller* v. *Commissioner of Correction*, 59 Conn. App. 302, 303, 755 A.2d 380, cert. denied, 254 Conn. 943, 761 A.2d 760 (2000). The standard to be applied by habeas courts in determining whether an attorney effectively represented a criminal defendant is set forth in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner must prove both deficient performance and actual prejudice. *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 445, 610 A.2d 598 (1992). "Thus [the petitioner] must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " Id., quoting *Strickland* v. *Washington*, supra, 694. "In this context, a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, does not

require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome in the case. . . . Rather, it merely requires the prisoner to establish a probability sufficient to undermine confidence in the outcome." (Internal quotation marks omitted.) *Andrews* v. *Commissioner of Correction*, 45 Conn. App. 242, 246–47, 695 A.2d 20, cert. denied, 242 Conn. 910, 697 A.2d 364 (1997). If a reviewing court can dispose of an ineffectiveness of counsel claim on the ground of lack of prejudice, it need not review whether trial counsel's representation was, in fact, deficient. *Aillon* v. *Meachum*, 211 Conn. 352, 362, 559 A.2d 206 (1989).

### A

The petitioner first claims that the habeas court improperly concluded that his trial counsel's failure to object to or request a correction of the court's instruction on the defense of extreme emotional disturbance did not deprive him of his right to effective assistance of counsel. We disagree.

The following additional facts and procedural history are necessary for our resolution of this claim. At trial, the petitioner submitted to the court a proposed jury instruction for the defense of extreme emotional disturbance. At the hearing on his habeas corpus petition, the petitioner argued that the trial court's instruction improperly added to the defense of extreme emotional disturbance the element of disproving the defense of mental disease or defect. Furthermore, the petitioner argued that while giving its instruction, the court commented that the petitioner had not presented evidence disproving the defense of mental disease or defect, thereby implying that the jury had to find that the petitioner had not satisfied his burden of proof for the defense of extreme emotional disturbance.

In its review of the petitioner's claim, the habeas court found, inter alia, that the trial transcript revealed virtually no evidence to support a finding of extreme emotional disturbance[1] and that the petitioner's principle defense was that he did not stab the victim. The habeas court, thereafter, concluded that the petitioner had not satisfied his burden of proving that he was prejudiced by counsel's failure to object to or request a correction of the court's instruction.

We must evaluate the petitioner's claim "with reference to the entire charge and the totality of the evidence . . . ." *Walker* v. *Commissioner of Correction*, 223 Conn. 411, 416, 611 A.2d 413 (1992). After reviewing the entire charge and the evidence and applying our standard of review, we conclude that the habeas court was correct in concluding that there was virtually no evidence to support a finding of extreme emotional disturbance. Accordingly, we conclude that the habeas court was correct in its determination that the petitioner did not meet his burden of proving that he was prejudiced by counsel's failure to object to or seek a correction of the court's instruction.

The petitioner also claims that the habeas court improperly concluded that he was not prejudiced by trial counsel's reference to "heat of passion" in his closing argument, which, the petitioner claims, prevented the jury from considering the defense of extreme emotional disturbance in its broadest sense. As we already have noted, the habeas court found that there was virtually no evidence presented at trial to support the defense of extreme emotional disturbance. As we also have noted, our review of the record and transcript in this case supports that finding. We therefore con-

---

[1] In fact, the habeas court found that other than testimony that the petitioner looked upset and angry during the incident, there was no evidence to support the defense.

clude that the petitioner could not have been prejudiced by any misstatement that his trial counsel may have made with regard to the defense. See *Aillon* v. *Meachum*, supra, 211 Conn. 362; *Nieves* v. *Commissioner of Correction*, 51 Conn. App. 615, 620–22, 724 A.2d 508, cert. denied, 248 Conn. 905, 731 A.2d 309 (1999).

### B

The petitioner next claims that the habeas court improperly concluded that trial counsel's failure to provide the petitioner with a Spanish language interpreter did not deny the petitioner his right to effective assistance of counsel. Specifically, the petitioner argues that without an interpreter he was unable to work with counsel during selection of his jury. We disagree.

Again, in our review of the petitioner's claim, we must adopt the facts found by the habeas court unless they are clearly erroneous. See *Morrison* v. *Commissioner of Correction*, supra, 57 Conn. App. 147. We apply plenary review to decide whether, under the facts, counsel's performance was deficient and resulted in actual prejudice to the petitioner. See *Fuller* v. *Commissioner of Correction*, supra, 59 Conn. App. 303.

The habeas court found that the petitioner understood English well enough to work with counsel during voir dire.[2] On the basis of the habeas court's finding,

---

[2] In support of its finding, the habeas court cited (1) to a section of the trial transcript that contains a colloquy between the state's attorney and the petitioner where the petitioner indicated that he had the ability to read English, (2) to testimony of trial counsel at the habeas hearing that he and the petitioner had a limited understanding of one another and (3) to a letter that the petitioner had written in English.

The petitioner argues that his use of an interpreter for the remainder of his trial is proof that he did not understand English well enough to work with counsel during voir dire. On the basis of the evidence relied on by the habeas court, we cannot conclude that its finding was clearly erroneous. Therefore, in accordance with our standard of review, we adopt the court's finding.

we conclude that the petitioner has not proven that he was prejudiced by counsel's failure to provide a Spanish language interpreter during voir dire.

## C

The petitioner also claims that the habeas court improperly concluded that appellate counsel's failure to raise a challenge to the court's instruction on the defense of extreme emotional disturbance did not deny the petitioner his right to effective assistance of counsel. We disagree.

The habeas court found that the claim of instructional impropriety had not been preserved at trial. The habeas court, citing *State* v. *Foreshaw*, 214 Conn. 540, 546, 572 A.2d 1006 (1990),[3] concluded that the petitioner would not have been entitled to review of his claim on direct appeal and, therefore, that he was not prejudiced by counsel's failure to raise the claim. We conclude, on the basis of the habeas court's finding of fact, that the petitioner was not prejudiced by counsel's failure to raise a claim concerning the court's instruction on direct appeal.

## II

The petitioner claims that the habeas court improperly refused to review his assertions that (1) the court's instruction on the defense of extreme emotional distur-

---

[3] In *State* v. *Foreshaw*, supra, 214 Conn. 546, our Supreme Court held that an unpreserved claim respecting a very similar charge on extreme emotional disturbance was not reviewable. The court rejected review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), because "claims of error pertaining to the inadequacy of instructions on an affirmative defense do not raise a constitutional question." (Internal quotation marks omitted.) *State* v. *Foreshaw*, supra, 546. Review in *Foreshaw* also was rejected under the plain error rule of Practice Book § 4185, now § 60-5, because the challenged language, when viewed in the context of the entire charge, did not cause such a "manifest injustice to the defendant so as to impair the effectiveness or integrity of [the] trial." (Internal quotation marks omitted.) *State* v. *Foreshaw*, supra, 547.

bance denied the petitioner due process of law in violation of the fourteenth amendment to the United States constitution and article first, § 8, of the constitution of Connecticut,[4] and (2) trial counsel's failure to provide the petitioner a Spanish language interpreter denied the petitioner his right to participate in his defense in violation of the fourteenth amendment to the United States constitution and article first, § 8, of the constitution of Connecticut.[5]

In its memorandum of decision, the habeas court, pursuant to *Evans* v. *Commissioner of Correction*, 37 Conn. App. 672, 693, 657 A.2d 1115, cert. denied, 234 Conn. 912, 660 A.2d 354 (1995), and *Commissioner of Correction* v. *Rodriquez*, 222 Conn. 469, 476, 610 A.2d 631 (1992), dismissed the petitioner's due process claims by concluding that all of the petitioner's due process claims were subsumed by the ineffective assistance of counsel claims. On appeal, the petitioner argues that the habeas court improperly refused to address these claims. We conclude that there is no merit to this argument. The habeas court decided each of the petitioner's claims in terms of ineffective assistance of counsel and refused to address separately "the petitioner's claims under the rubric of due process." *Evans* v. *Commissioner of Correction*, supra, 693. "A habeas court need not . . . separately address due process claims subsumed by claims of ineffective assistance of

[1] The respondent argues that review of the petitioner's claim that the trial court's instructions were improper is barred because it was not raised on direct appeal and, therefore, can be reviewed only if it is found that the petitioner meets the cause and prejudice test set forth in *Wainwright* v. *Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). We need not address whether *Wainwright* bars review in this case because, as we discuss in part II of this opinion, the habeas court properly found that the petitioner's due process claims were subsumed in his ineffective assistance of counsel claims.

[5] In support of his claim, the petitioner also invokes article first, § 19, of the constitution of Connecticut. We simply note that the petitioner did not raise that claim in his second amended petition for a writ of habeas corpus.

counsel. The habeas court's finding that the petitioner was not prejudiced by any of the alleged improprieties of trial and appellate counsel necessarily disposed of the petitioner's due process claims as well." Id.

The judgment is affirmed.

In this opinion the other judges concurred.