## MICHAEL IOVIENO *v.* COMMISSIONER OF CORRECTION
### (AC 19794)

Foti, Dranginis and Flynn, Js.

Argued October 23—officially released November 27, 2001

*Todd A. Edgington*, assistant public defender, with whom was *Sandra J. Crowell*, deputy assistant public defender, for the appellant (petitioner).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Christopher Alexy*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Michael Iovieno, appeals following the denial by the habeas court of his petition for certification to appeal from the dismissal of his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly (1) denied his petition for certification to appeal, (2) concluded that he had not been deprived of his right to effective assistance of counsel under the sixth amendment to the United States constitution and article first, § 8, of the constitution of Connecticut, when his defense counsel failed, inter alia, to file a motion to suppress certain evidence that police had seized from his person and residence, and (3) declined to review his claim that the seizure of that evidence had violated his rights under the fourth amendment to the United States constitution and article first, § 7, of the constitution of Connecticut. We disagree and, accordingly, dismiss his appeal.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994).

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Reddick* v. *Commissioner of Correction,* 51 Conn. App. 474, 477, 722 A.2d 286 (1999).

For the following reasons, we conclude that the issue of whether the petitioner was deprived of the effective

assistance of counsel is not debatable among jurists of reason and that the questions involved in resolving that issue do not warrant significant review. The petitioner raises two claims concerning his counsel's performance. First, the petitioner claims that his counsel improperly failed to attempt to discredit evidence presented by the state indicating that a canine unit had tracked him from the scene of the crime. Specifically, the petitioner claims that his counsel should have called as a witness Robert Sisson, an investigator with the office of the public defender. The habeas court found, however, that "Sisson was a reluctant witness at best" and that counsel had been "afraid that if he put Sisson on the stand, he might not cooperate." The record reveals that there is little uncertainty that counsel, for strategic and tactical reasons, elected not to call Sisson as a witness. Recognizing that there is a strong presumption that the trial strategy employed by a criminal defendant's counsel is reasonable and is a result of the exercise of professional judgment; see *Goodrum* v. *Commissioner of Correction*, 63 Conn. App. 297, 315, 776 A.2d 461, cert. denied, 258 Conn. 902, 782 A.2d 136 (2001); we conclude that the petitioner has not demonstrated that the habeas court's determination that his counsel did not perform deficiently when he elected not to call Sisson as a witness was not debatable among jurists of reason.

Second, the petitioner claims that his defense counsel improperly failed to file a motion to suppress certain evidence that police had seized from his residence and person, namely, a sweatshirt and hair samples, including pubic hair. Other evidence presented by the state, however, which included a fingerprint lifted from the crime scene that matched the petitioner's, as well as damaging eyewitness testimony, was compelling. As the habeas court aptly noted, the record reveals that, even if the sweatshirt and hair samples had been suppressed,

there was not a reasonable probability that the result of the proceeding would have been different.

The petitioner's last claim is that the habeas court improperly declined to review his claim that the seizure of the sweatshirt and hair samples had violated his rights under the fourth amendment to the United States constitution and article first, § 7, of the Connecticut constitution.[1] We conclude that the claims that the habeas court declined to review were subsumed by the petitioner's claim that his counsel, in failing to file a motion to suppress the hairs and sweatshirt, had provided ineffective assistance. A habeas court is not required to address separately a constitutional claim that has been subsumed by a claim of ineffective assistance of counsel. Cf. *Rivera* v. *Commissioner of Correction*, 61 Conn. App. 825, 833–34, 767 A.2d 790 (habeas court need not separately address due process claims subsumed by claims of ineffective assistance of counsel), cert. denied, 256 Conn. 903, 772 A.2d 596 (2001). The habeas court in the present case concluded that there was not a reasonable probability that the result of the proceedings would have been different if the petitioner's hair samples and sweatshirt had been suppressed. That conclusion necessarily disposed of the petitioner's state and federal constitutional claims. See id.

In sum, the habeas court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

---

[1] Specifically, the petitioner claims that his constitutional claims are reviewable under the cause and prejudice test set forth in *Wainwright* v. *Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). We need not address whether *Wainwright* permits review in this case because we conclude that those claims were subsumed in the petitioner's ineffective assistance of counsel claim, which was reviewed by the habeas court. See *Rivera* v. *Commissioner of Correction*, 61 Conn. App. 825, 833 n.4, 767 A.2d 790, cert. denied, 256 Conn. 903, 772 A.2d 596 (2001).