## LEVERN GRANT *v.* COMMISSIONER OF CORRECTION
### (AC 21723)

Schaller, Dranginis and Flynn, Js.

Submitted on briefs December 13, 2001—officially released February 26, 2002

*James M. Fox*, special public defender, filed a brief for the appellant (petitioner).

*Linda N. Howe*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, LeVern Grant,[1] appeals following the denial by the habeas court of his petition for certification to appeal from the denial of his petition for a writ of habeas corpus.[2] On appeal, the petitioner claims that the habeas court improperly (1) rejected his claim of ineffective assistance of trial counsel and (2) denied his petition for certification to appeal. We dismiss the appeal.

In his petition for a writ of habeas corpus, the petitioner alleged that his trial counsel was ineffective in that he failed to call certain alibi witnesses, thereby enabling the state to request and to receive a *Secondino* missing witness jury instruction.[3] Following a hearing, the court concluded that the petitioner failed to demonstrate that "but for any incompetent representation . . . the outcome of the case would have been different." Moreover, the court found that trial counsel represented the defendant with reasonable competence. Accordingly, the court denied the petition. Following the denial of his petition for certification to appeal, the petitioner filed the present appeal.

"Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well set-

---

[1] See *State* v. *Grant*, 221 Conn. 93, 94 n.1, 602 A.2d 581 (1992).

[2] In November, 1990, the petitioner was found guilty of murder in violation of General Statutes § 53a-54a. His conviction was affirmed on direct appeal. *State* v. *Grant*, 221 Conn. 93, 602 A.2d 581 (1992).

[3] Pursuant to *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 674–75, 165 A.2d 598 (1960), "[t]he failure to produce a witness for trial who is available and whom a party would naturally be expected to call warrants an adverse inference instruction against the party who would be expected to call that witness." (Internal quotation marks omitted.) *Goodrum* v. *Commissioner of Correction*, 63 Conn. App. 297, 306 n.4, 776 A.2d 461, cert. denied, 258 Conn. 902, 782 A.2d 136 (2001). Subsequent to the petitioner's criminal trial, our Supreme Court abandoned the missing witness rule in criminal cases. *State* v. *Malave*, 250 Conn. 722, 738, 737 A.2d 442 (1999) (en banc), cert. denied, 528 U.S. 1170, 120 S. Ct. 1195, 145 L. Ed. 2d 1099 (2000).

tled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Stanley* v. *Commissioner of Correction*, 67 Conn. App. 357, 359, 786 A.2d 1249 (2001), cert. denied, 259 Conn. 922, 792 A.2d 855 (2002). "The standard to be applied by habeas courts in determining whether an attorney effectively represented a criminal defendant is set forth in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner must prove both deficient performance and actual prejudice." *Rivera* v. *Commissioner of Correction*, 61 Conn. App. 825, 828, 767 A.2d 790, cert. denied, 256 Conn. 903, 772 A.2d 596 (2001). Therefore, for the "petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Internal quotation marks omitted.) *White* v. *Commissioner of Correction*, 66 Conn. App. 847, 848–49, 788 A.2d 1261 (2001).

After thoroughly reviewing the record, we conclude that the petitioner has failed to demonstrate that he has been denied the effective of assistance of counsel.[4]

[4] Although his argument is unclear, the petitioner seemingly further contends that the decision of our Supreme Court in *State* v. *Malave*, supra, 250 Conn. 738, "illuminates" his claim that he received ineffective assistance of counsel. As stated in footnote 2 of this opinion, in *Malave* our Supreme Court abandoned the missing witness rule in criminal cases. We fail to see how the *Malave* case "amplifies the errors at [the petitioner's] trial" given that our Supreme Court decided *Malave* nine years after the petitioner's conviction following a jury trial, and seven years after the exhaustion of the petitioner's direct appeal. See *State* v. *Grant*, 221 Conn. 93, 602 A.2d 581 (1992). To the extent that the petitioner claims that the *Malave* case should apply retroactively to the current situation, we note that holdings issued in court decisions cannot be applied retroactively "to cases in which

In particular, the petitioner has not shown that he suffered actual prejudice as a result of trial counsel's actions. See *Rivera* v. *Commissioner of Correction*, supra, 61 Conn. App. 829. Because we conclude that the habeas court properly determined that the petitioner was not denied the effective assistance of counsel, we also conclude that that court did not abuse its discretion in denying the petition for certification to appeal.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits." (Citation omitted; internal quotation marks omitted.) *Petaway* v. *Commissioner of Correction*, 49 Conn. App. 75, 77, 712 A.2d 992 (1998). "To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Owens* v. *Commissioner of Correction*, 63 Conn. App. 829, 831, 779 A.2d 165, cert. denied, 258 Conn. 905, 782 A.2d 138 (2001).

judgments were already final. . . . Decisional law can apply retroactively only to cases that are pending." (Citation omitted.) *Amodio* v. *Amodio*, 56 Conn. App. 459, 472, 743 A.2d 1135, cert. granted on other grounds, 253 Conn. 910, 754 A.2d 160 (2000) (appeal withdrawn September 27, 2000). Because the defendant's direct appeal concluded in 1992, long before *Malave* was decided, the *Malave* decision cannot affect the present case.

The habeas court's denial of the petition was based on its finding that the petitioner failed to establish that trial counsel rendered ineffective assistance. Our thorough review of the record leads us to conclude that the petitioner has similarly failed to demonstrate that the habeas court abused its discretion in denying the petition for certification to appeal.

The appeal is dismissed.