[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On November 7, 2000, the petitioner pleaded guilty in docket number CR00-6-0493492 to one count of Escape in the First Degree in violation of General Statutes § 53a-169, in docket number CR00-6-0493459 to one count of Breach of Peace in violation of General Statutes § 53a-181, and in docket number CR00-6-0493469 to one count of Possession of Narcotics with Intent to Sell in violation of General Statutes § 21a-277a. Am. Pet., at 2; Return, at 2. The sentencing mittimuses for these three convictions show that the petitioner was sentenced to five (5) years to serve and three (3) years special parole for the Escape in the First Degree count, five (5) years to serve and three (3) years special parole for the Possession of Narcotics with Intent to Sell count, and six (6) months to serve for the Breach of Peace count. Resp't Ex. 2. All three sentences were ordered to run concurrent with each other and concurrent with a sentence already being served by the petitioner at the time of sentencing. Id. The total effective sentence was five (5) years to serve and three (3) years special parole.
On May 16, 2001, the petitioner filed a petition for a writ of habeas corpus, which was amended on October 29, 2001. The amended petition raises numerous claims in three counts, among them: 1) that trial counsel rendered ineffective assistance of counsel by failing to ensure the petitioner's pleas were knowing, intelligent and voluntary, failing to adequately investigate the state's case against the petitioner, failing to adequately prepare the case for trial, failing to adequately advise the petitioner as to the nature of the state's case against him and failing to advise the petitioner with respect to potential defenses, sentencing and the consequences of the pleas; 2) that the petitioner's guilty pleas were not knowing, intelligent and voluntary because the trial court failed to properly canvass the petitioner at the time his guilty pleas were entered; and 3) that the petitioner was deprived of his right to appeal because both the trial court and the trial clerk failed to inform the petitioner of his right to appeal.[1] Am. Pet., at 3-5. CT Page 15529
The respondent denies the claims raised in all three counts and raises several defenses.[2] Return, at 4-5. First, the respondent argues that because the petitioner discharged from the six-month sentence imposed for the Breach of Peace count at the time the petition was filed on May 16, 2001. Second, the respondent claims that the petitioner did not raise the claims in a timely fashion at trial and failed to raise these issues on direct appeal, resulting the petitioner now being procedurally defaulted from raising his claims, and that the petitioner has not established the cause and prejudice for the failure to raise the claims as required byJohnson v. Commissioner of Correction, 218 Conn. 403, 589 A.2d 1214
(1991), and Jackson v. Commissioner of Correction, 227 Conn. 124,629 A.2d 413 (1993). Lastly, the respondent also asserts as a defense to the claims made in the petition that the petitioner has failed to meet the criteria set forth in Ghant v. Commissioner of Correction, 255 Conn. 1,761 A.2d 740 (2000).
Because the respondent has raised the defense of procedural default to the petitioner's claims, this court will first address whether or not the petitioner has procedurally defaulted. The Supreme Court in Johnson v.Commissioner of Correction, 218 Conn. 403, 409, 589 A.2d 1214 (1991), held that the applicable "standard for reviewability in a habeas corpus proceeding of constitutional claims not adequately preserved at trial because of procedural default" should be the Wainright standard of "cause [for the failure to challenge] and [actual] prejudice" instead of the Fayv. Noia intentional bypass standard. The cause and prejudice must be shown conjunctively. Id., at 419. This standard was extended so that the cause and prejudice standard would also "be employed to determine the reviewability of habeas claims that were not properly pursued on direct appeal." Jackson v. Commissioner of Correction, 227 Conn. 124, 132,629 A.2d 413 (1993).
"[H]abeas corpus proceedings are not an additional forum for asserting claims that should be properly raised at trial or in a direct appeal."Tillman v. Commissioner of Correction, 54 Conn. App. 749, 755,738 A.2d 208, cert. denied, 251 Conn. 913, 739 A.2d 1250 (1999). "The cause and prejudice test is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, inadvertence or ignorance. Therefore, attorney error short of ineffective assistance of counsel does not adequately excuse compliance with our rules of trial and appellate procedure." (Internal citations and quotations omitted.) Cobham v.Commissioner of Correction, 258 Conn. 30, 40, 779 A.2d 80 (2001).
"A claim of ineffective assistance of counsel is generally made pursuant to a petition for a writ of habeas corpus rather than in a direct CT Page 15530 appeal. State v. Leecan, 198 Conn. 517, 541, 504 A.2d 480, cert. denied,476 U.S. 1184, 106 S.Ct. 2922, 91 L.Ed.2d 550 (1986). section 39-27 [(4)] of the Practice Book, however, provides an exception to that general rule when ineffective assistance of counsel results in a guilty plea. A defendant must satisfy two requirements, which are a "finely tuned' version of the Strickland standard, to prevail on a claim that his guilty plea resulted from ineffective assistance of counsel. State v. Irala,68 Conn. App. 499, 524-5, 791 A.2d 697, cert. denied, 260 Conn. 923, ___ A.2d ___ (2002). First, he must prove that the assistance was not within the range of competence displayed by lawyers with ordinary training and skill in criminal law. Second, there must exist such an interrelationship between the ineffective assistance of counsel and the guilty plea that it can be said that the plea was not voluntary and intelligent because of the ineffective assistance." (Internal citations and quotation marks omitted.) State v. Gray, 63 Conn. App. 151, 161-2, 772 A.2d 747, cert. denied, 256 Conn. 934, 772 A.2d 747 (2001); see also State v. Nelson,67 Conn. App. 168, 177, 786 A.2d 1171 (2001).
As to that aspect of count one of the amended petition which alleges ineffective assistance of counsel based on counsel's failure to ensure that the petitioner's pleas were knowing, intelligent and voluntary, the petitioner has not shown the requisite cause and prejudice for the failure to raise that claim on direct appeal, and this court finds that the petitioner is procedurally defaulted from raising the claim in a habeas corpus petition. The remaining claims in count one are, however, ineffective assistance of counsel claims that are properly raised in a petition for habeas corpus. State v. Leecan, supra, 198 Conn. 541. Thus, the petitioner has not procedurally defaulted as to those remaining claims in count one, and which the will address later in the memorandum of decision.
The second count of the amended petition claims that the petitioner's pleas were not knowing, intelligent and voluntary because the trial court failed to comply with constitutional and Practice Book requirements during the plea canvass and "did not conduct the inquiry required byNorth Carolina v. Alford . . . prior to accepting the plea." Am. Pet., at 4-5. "A plea of guilty is a confession of guilt of the crime charged. It is in effect a conviction and the equivalent of a finding of guilty by a jury. . . . In North Carolina v. Alford, the United States Supreme Court treated such guilty pleas [i.e., where the defendant does not admit guilty but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless] as the functional equivalent of a plea of nolo contendere."State v. Palmer, 196 Conn. 157, 170 n. 3, 491 A.2d 1075 (1985). CT Page 15531
"A plea of nolo contendere has the same legal effect as a plea of guilty on all further proceedings within the indictment. . . . It is clear . . . that a nolo contendere plea also constitutes a waiver of all nonjurisdictional defects in a manner equivalent to a guilty plea." (Internal citations omitted.) Groton v. United Steelworkers of America,254 Conn. 35, 49, 757 A.2d 501 (2000), citing North Carolina v. Alford, supra, 400 U.S. 35-36 n. 8. "It is well established that a voluntary and intelligent guilty plea operates as a waiver of all nonjurisdictional defects." State v. Johnson, 253 Conn. 1, 42, 751 A.2d 298 (2000).
"A guilty plea may satisfy constitutional requirements even in the absence of literal compliance with the prophylactic safeguards of Practice Book §§ 39-19 and 39-20[.] . . . A determination as to whether a plea has been knowingly and voluntarily entered entails an examination of all the relevant circumstances." (Internal citations and quotation marks omitted.) Daniel v. Commissioner of Correction,57 Conn. App. 651, 655-56, 751 A.2d 398, cert. denied, 254 Conn. 918,759 A.2d 1024 (2000). And while "the[se] Practice Book provisions were designed to reflect the principles embodied in Boykin[3] [mandating the requirements for a valid plea,] precise compliance with the [Practice Book] provisions is not constitutionally required." (Internal citations omitted.) State v. Badgett, 200 Conn. 412, 418, 512 A.2d 160 (1986). The Badgett court focused its analysis on "whether the federal constitutional principles of Boykin were satisfied rather than on meticulous compliance with the provisions of the Practice Book." Id.
As previously indicated, the petitioner's guilty pleas were not entered under Alford, but instead were straight guilty pleas. A review of the transcript of the court's canvass when the petitioner pleaded guilty shows that the underlying court's canvass fully complied with the constitutional requirements. Pet'r Ex. A. The underlying court accepted the petitioner's guilty pleas after finding them to be knowing, voluntary and made with the assistance of competent counsel. Id., at 10. The petitioner did not appeal the convictions at issue in this habeas corpus petition. Based upon the foregoing, this court first finds that there is no merit to the claim raised in the second count of the amended petition. Secondly, this court also finds that even if the claim in count two were meritorious, the petitioner has additionally not shown the required cause and prejudice to overcome the defense of procedural default raised by the respondent.
The third count of the amended petition alleges that the petitioner was deprived of his right to appeal because both the trial court and the trial clerk failed to inform the petitioner of his right to appeal. Based on the discussion in Daniel v. Commissioner of Correction, supra, CT Page 1553257 Conn. App. 685-88, it is clear that the petitioner in the present matter did not have a right to appeal from the underlying court's finding of guilt and its subsequent judgment. Thus, the third count of the amended petition is also entirely without merit because the petitioner's conviction is not illegal as a result of the trial court and clerk not informing the petitioner of his right to appeal his straight guilty pleas.
As to the claims of ineffective assistance of counsel in count one which remain, "[t]he object of an ineffectiveness claim is not to grade counsel's performance. . . . Court's should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result." Strickland v.Washington, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of the conviction . . . has two components. First, the petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness. . . . The proper measure of attorney performance remains simply reasonableness under prevailing professional norms. . . . In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id., at 688.
"Second, the petitioner must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694. "Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id., at 687.
"Although Strickland applies generally to the evaluation of whether ineffective assistance of counsel during criminal proceedings has infringed on a petitioner's constitutional rights, the United States Supreme Court has articulated a modified prejudice standard for cases in which the conviction has resulted from a guilty plea. See Hill v.Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Hill CT Page 15533 requires the petitioner to demonstrate that he would not have pleaded guilty, that he would have insisted on going to trial, and that the evidence that had been undiscovered or the defenses he claims should have been introduced were likely to have been successful at trial." Copas v.Commissioner, 234 Conn. 139, 151, 662 A.2d 718 (1995).
"The Hill court also stated that the petitioner must show that such a decision to plead not guilty would have been based on the likelihood that the introduction of the evidence or the defense that was not identified because of ineffective assistance of counsel would have been successful at trial. The court stated that in many guilty plea cases, the prejudice inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate the determination whether the error prejudiced the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the prejudice inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." (Internal citations and quotations omitted.) Id., 156-7.
"A reviewing court can find against the petitioner on whichever [Strickland prong] is easier. Valeriano v. Bronson, 209 Conn. 75, 85-6,546 A.2d 1380 (1988); Nardini v. Manson, 207 Conn. 118, 124, 540 A.2d 69
(1988); Magnotti v. Meachum, 22 Conn. App. 669, 674, 579 A.2d 553
(1990); Beasley v. Commissioner of Correction, [47 Conn. App. 253, 264,704 A.2d 807 (1997), cert. denied, 243 Conn. 967, 707 A.2d 1268 (1998)]."Petaway v. Commissioner of Correction, 49 Conn. App. 75, 76 n. 2,712 A.2d 992 (1998). "A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice." Nardini v. Manson, supra, 207 Conn. 124.
Among his claims, the petitioner alleges that trial counsel rendered ineffective assistance of counsel by failing to adequately investigate the state's case against the petitioner, failing to adequately prepare the case for trial, failing to adequately advise the petitioner as to the nature of the state's case against him and failing to advise the petitioner with respect to potential defenses, sentencing and the consequences of the pleas. Attorney Mark Welsh, who represented the CT Page 15534 petitioner in the criminal matters at issue in the present petition, testified at the habeas corpus trial. Attorney Welsh testified that he has worked as an assistant public defender in New Haven for five years, and that prior to his assignment in New Haven he was an attorney with the Habeas Corpus Unit, Office of the Chief Public Defender. Tr. (Aug. 28, 2002), at 28.
Attorney Welsh testified that the state's plea offer to the petitioner never changed from the onset of the criminal matters until the petitioner accepted the plea offer. Id., at 29. The petitioner originally was charged with one count of possession of narcotics in violation of General Statutes § 21a-279 (a), one count of sale of sale of certain illegal drugs in violation of General Statutes § 21a-278 (a), one count of possessing a controlled substance within 1500 feet of a school and/or a housing complex in violation of General Statutes § 21a-278a (b), one count of criminal impersonation in violation of General Statutes §53a-130, one count of escape in the first degree in violation of General Statutes § 53a-169, one count of assault in the third degree in violation of General Statutes § 53a-61 and one count of breach of peace in violation of General Statutes § 53a-181. Pet'r Ex. B, C and D.
The plea agreement resulted in the petitioner pleading guilty to one count of possession of narcotics with intent to sell, one count of escape in the first degree and one count of breach of peace. Id. Attorney Welsh testified that he discussed the nature of the evidence with the petitioner. Tr. (Aug. 28, 2002), at 34. In Attorney Welsh's opinion, the two most serious charges were escape in the first degree and possession of narcotics. Id., at 35. Attorney Welsh testified that the petitioner never disputed the fact that he had left the halfway house, Id., for which the petitioner was arrested based on a warrant. Pet'r Ex. C, at 2. Attorney Welsh testified that the escape in the first degree charge alone could result in the petitioner receiving a ten-year sentence consecutive to his maximum release date. Tr. (Aug. 28, 2002), at 35.
As to the possession with intent to sell charge, Attorney Welsh testified that he discussed the police report with the petitioner. Id. The police report, which was entered as a full exhibit at the habeas corpus trial, shows that at the time the petitioner was placed under arrest he was in possession of approximately twenty (20) small bags containing suspected crack cocaine within 1500 feet of both a school as well as a housing complex. Resp't Ex. 1, at 3. Attorney Welsh testified that he explained to the petitioner that he felt the state had easily provable cases against the petitioner as to the escape and narcotics charges, of which the latter included a mandatory sentence, and that the CT Page 15535 petitioner's exposure to a lengthy sentence was very high given the petitioner's prior convictions and the nature of the proof. Tr. (Aug. 28, 2002), at 35. Attorney Welsh also testified that the petitioner potentially could have been charged under General Statutes § 21a-277
(a) as a subsequent offender, which would have exposed the petitioner to a term of thirty (30) years. Id., at 36.
Attorney Welsh testified that it was his client's decision to plead guilty, though the pleas were "not entered into easily in this case." Id., at 37. "[I]t was very difficult for him to accept resolving this case, but the ultimate decision was made by him in court on November 7th, [2000]. . . . [G]oing into court that day, he hadn't made up his mind as to what he was going to do. . . . The judge . . . passed the matter[,] . . . and it was after lunch that he made his final decision to accept the offer in the case." Id. A review of the plea transcript shows that on November 7, 2000, the petitioner was faced with the choice of accepting the state's offer or going to trial. Pet'r Ex. A, at 2-3. The state's offer, which had been made in September of 2000 and which the petitioner had to accept or reject on November 7, 2000, was accepted by the petitioner on November 7, 2000. Id.
The petitioner has the burden of proof in the present habeas corpus matter to affirmatively show "that he would not have pleaded guilty, that he would have insisted on going to trial, and that the evidence that had been undiscovered or the defenses he claims should have been introduced were likely to have been successful at trial." Copas v. Commissioner ofCorrection, supra, 234 Conn. 151. While the petitioner alleges that the underlying trial counsel rendered ineffective assistance of counsel, the petitioner has failed to affirmatively show that counsel would have changed his recommendation. Additionally, the record before this court is devoid of evidence which potentially could have changed the outcome of a trial, nor has the petitioner identified an affirmative defense which likely would have succeeded at trial. Furthermore, the petitioner's testimony during the habeas corpus trial was not credible. This court finds, consequently, that the petitioner has failed to prove the requisite element of prejudice.
Having found either that the claims in the amended petition do not have merit or that the petitioner has procedurally defaulted on his claims, the petition seeking habeas corpus relief is denied.
 ___________________ GRAZIANI, JUDGE