MARCELLUS RUFFIN *v.* COMMISSIONER OF CORRECTION
(AC 28287)

Bishop, Harper and Beach, Js.

Submitted on briefs January 4—officially released March 18, 2008

*Mary H. Trainer*, special public defender, filed a brief for the appellant (petitioner).

*David I. Cohen*, state's attorney, *Robert J. Scheinblum*, senior assistant state's attorney, and *James M. Bernardi*, supervisory assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Marcellus Ruffin, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly failed to conclude that his trial counsel had provided ineffective assistance. Specifically, the petitioner alleges that the court improperly concluded that his trial counsel did not render ineffective assistance regarding effectively advising him concerning the proposed plea bargain, adequately preparing for trial and properly representing him at sentencing. We disagree and affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. In 1995, the petitioner was convicted, following a jury trial, of conspiracy to commit murder in violation of General Statutes §§ 53a-54a (a) and 53a-48 (a), attempt to commit murder in violation of General Statutes §§ 53a-54a (a) and 53a-49 (a), and manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3). The conviction arose out of the petitioner's participation in a gun battle at an apartment building in Stamford, during which a seven year old child was struck by a stray bullet and killed. See *State* v. *Ruffin*, 48 Conn. App. 504, 506, 710 A.2d 1381, cert. denied, 245 Conn. 910, 718 A.2d 18 (1998). The gun battle apparently involved a dispute between two rival groups, one of which the petitioner was a member. See id. The trial court, *Nigro*,

*J.*, imposed a sentence of forty years. The conviction was affirmed on appeal. See *id.*

The petitioner thereafter filed a petition for a writ of habeas corpus, alleging that his trial counsel, John Imhoff, Jr., was ineffective for failing, inter alia, to advise him effectively with regard to the proposed plea bargain, to prepare for trial adequately and to represent him properly during sentencing. In a memorandum of decision filed November 2, 2006, the habeas court, *Hon. Anthony V. DeMayo*, judge trial referee, rejected the petitioner's claims.[1] The court later granted the petition for certification to appeal to this court. This appeal followed.

Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. The issue of ineffective assistance of counsel presents a mixed question of fact and law. *Strickland* v. *Washington*, 466 U.S. 668, 698, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). As such, the factual findings of the habeas trial court will not be disturbed unless they are found to be clearly erroneous. *Ghant* v. *Commissioner of Correction*, 255 Conn. 1, 6, 761 A.2d 740 (2000). Legal conclusions drawn from the facts are subject to plenary review. Id.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must satisfy two elements: that the performance of counsel "fell below the reasonable

---

[1] The habeas trial was conducted before the court, *Hon. John Ottaviano, Jr.*, judge trial referee, which subsequently rejected the petitioner's claims in a two page memorandum of decision. The petitioner thereafter filed a motion for articulation, but Judge Ottaviano became incapacitated and could not respond to the motion for articulation. On August 9, 2005, the petitioner filed a motion for reconsideration, following which the petitioner's case was referred to Judge DeMayo. By agreement of the parties, Judge DeMayo decided the matter after reviewing the records and transcripts of the underlying criminal case, and the proceedings conducted previously before Judge Ottaviano.

competence displayed by attorneys with ordinary training and skill in the criminal law" and that the petitioner's defense was prejudiced thereby. *Ostolaza* v. *Warden*, 26 Conn. App. 758, 774, 603 A.2d 768, cert. denied, 222 Conn. 906, 608 A.2d 692 (1992). In order to show prejudice, a petitioner must satisfy the trier that, in the absence of inadequate representation, the outcome would, with reasonable probability, have been different. *Strickland* v. *Washington*, supra, 466 U.S. 693. A reasonable probability is one which is sufficient to undermine confidence in the result. Id., 694.

On the basis of our review of the record and the briefs, we conclude that the court properly concluded that Imhoff did not render ineffective assistance to the petitioner.[2] We first examine the petitioner's claim that the court improperly failed to find that Imhoff failed to advise him adequately regarding the state's plea offer. The court found that Imhoff adequately explained the plea offer, which the petitioner chose not to accept. Imhoff managed to negotiate the offer of twenty years incarceration, execution suspended after twelve to fifteen years, which was rejected by the petitioner. The court was free to credit Imhoff's recollection that he had discussed with the petitioner the specific terms and conditions of the offer and that the petitioner alone had chosen to reject the offer and to proceed to trial. In light of the credibility determination made by the court, the petitioner cannot demonstrate that Imhoff's performance was deficient. "The habeas court, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." *Alexander* v. *Commissioner of Correction*, 103 Conn.

---

[2] The petitioner set forth twelve allegations of ineffective assistance in his habeas petition, which the habeas court reviewed. The petitioner briefed three of the twelve issues on appeal and has not briefed the remaining nine issues. Accordingly, we deem those nine issues abandoned. See *Hopkins* v. *Commissioner of Correction*, 95 Conn. App. 670, 674 n.1, 899 A.2d 632, cert. denied, 279 Conn. 911, 902 A.2d 1071 (2006).

App. 629, 638, 930 A.2d 58, cert. denied, 284 Conn. 939, 937 A.2d 695 (2007).

We next examine the petitioner's claim that the court improperly failed to conclude that Imhoff failed to investigate alibi witnesses adequately prior to trial. The court properly concluded that Imhoff's investigation regarding alibi witnesses fell within the range of reasonable professional assistance mandated by *Strickland.* He met and talked with a number of potential witnesses, including alibi witnesses, and the decisions to call some and not others were not unreasonable. See, e.g., *Hopkins* v. *Commissioner of Correction,* 95 Conn. App. 670, 676–77, 899 A.2d 632, cert. denied, 279 Conn. 911, 902 A.2d 1071 (2006).

We last examine the petitioner's claim that the court improperly failed to find that Imhoff failed to represent him properly during sentencing by failing to correct certain errors in the presentence investigation report relating to his employment history. The petitioner has failed to satisfy the prejudice prong of *Strickland.*[3] Although Imhoff did not correct an error in the presentence investigation report as to the petitioner's work record, the petitioner has not demonstrated that the discrepancy would have made a difference in the sentence imposed. Further, an error in the report regarding the petitioner's criminal history was corrected. We conclude that the court properly rejected the petitioner's claims of ineffective assistance of counsel.

The judgment is affirmed.

---

[3] Because we conclude that the petitioner has failed to satisfy the prejudice prong, we do not determine whether Imhoff's representation constituted deficient representation. See *Pierce* v. *Commissioner of Correction,* 100 Conn. App. 1, 12 n.5, 916 A.2d 864, cert. denied, 282 Conn. 908, 920 A.2d 1017 (2007).