HECTOR HEREDIA *v.* COMMISSIONER OF
CORRECTION
(AC 27571)

Gruendel, Lavine and Peters, Js.

Argued February 8—officially released April 8, 2008

*Ruth Daniella Weissman*, special public defender, for the appellant (petitioner).

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Terence D. Mariani*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PETERS, J. In this appeal from the denial of an amended petition for a writ of habeas corpus, the petitioner contends that he is entitled to a new trial because of the ineffectiveness of the legal assistance that he received from his trial counsel. In addition to the claims of ineffective assistance that he raised specifically in the habeas proceedings, he asks us to review additional claims on which the habeas court did not rule. Because we agree with the commissioner of correction that the additional claims being raised on appeal are not properly before us and that the habeas court properly denied the claims that the court had the opportunity to consider, we affirm the judgment of the habeas court.

On March 9, 2005, the petitioner, Hector Heredia, filed an amended petition for a writ of habeas corpus alleging that he had not received effective legal assistance from his trial counsel in the criminal proceedings

that led to his conviction of attempt to commit murder in violation of General Statutes §§ 53a-49 and 53a-54a, assault in the first degree in violation of General Statutes § 53a-59 (a) (5), kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (B), and attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-49 and 53a-134 (a) (2). See *State* v. *Heredia*, 253 Conn. 543, 754 A.2d 114 (2000). Following a habeas hearing at which the only witnesses who testified were the petitioner and his trial counsel, the habeas court denied the petition. Applying the governing principles of *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the court held that the petitioner had failed to establish either ineffective performance by trial counsel or the likelihood that counsel's representation had prejudiced the outcome of the petitioner's criminal trial.

In his appeal to this court from the denial of his petition,[1] the petitioner has raised six claims of ineffective assistance of counsel, including four claims that were not specifically raised in the proceedings before the habeas court. We will address these new claims separately before we consider those that were decided by the habeas court.

I

The petitioner urges us to undertake a review of his four new claims[2] in the interest of judicial efficiency pursuant to our inherent supervisory powers. He argues that his new claims are related to those that he expressly raised in the habeas court and that it is wasteful to

---

[1] The habeas court granted the petition for certification to appeal.

[2] The new claims are that defense counsel failed to move to suppress all eyewitness identifications, failed to cross-examine one of the state's witnesses effectively, failed to argue in the motion for a judgment of acquittal a sufficiency of the evidence claim as to specific intent and failed to demonstrate in the postverdict motions that there was insufficient evidence proving that the petitioner was the suspect.

require him to file a further habeas petition to challenge the effectiveness of his habeas counsel. The respondent, the commissioner of correction, disagrees that these claims were sufficiently raised in the habeas court and urges us not to consider their merits. We agree with the respondent.

Our case law consistently has held that we are not bound "to consider claimed errors unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim." (Internal quotation marks omitted.) *Copeland* v. *Warden*, 26 Conn. App. 10, 13–14, 596 A.2d 477 (1991), aff'd, 225 Conn. 46, 621 A.2d 1311 (1993). Our Supreme Court only recently has reiterated its affirmation of this case law. See *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 580, 941 A.2d 248 (2008). In this case, the habeas court, not having been asked to do so, made no findings or rulings with respect to the alleged facts or merits of these claims. The petitioner filed no motion for articulation to supplement the habeas record. We decline to consider these four claims.

## II

The petitioner properly asks for review of two claims of ineffective assistance by trial counsel that the habeas court found unpersuasive. He maintains that trial counsel (1) failed to conduct an adequate investigation to discover exculpatory evidence and (2) failed to communicate with him effectively prior to his criminal trial.

Our Supreme Court recently reiterated the standard of review that governs our consideration of the petitioner's claim of ineffective assistance of counsel. "The underlying historical facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . Historical facts constitute a recital of external events and the credibility of their narrators.

So-called mixed questions of fact and law, which require the application of a legal standard to the historical-fact determinations, are not facts in this sense. . . . Whether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Internal quotation marks omitted.) Id., 576.

In its assessment of the validity of the petitioner's claims, the habeas court referred to the relevant facts recited in the decision on the petitioner's plenary appeal. See *State* v. *Heredia,* supra, 253 Conn. 543. In that decision, our Supreme Court described testimony at trial that established that, in the early morning hours of June 30, 1996, the petitioner had attempted to rob a McDonald's restaurant on Reidville Drive in Waterbury. He shot and wounded one McDonald's employee and imprisoned another in a walk-in freezer. Summoned by other McDonald's employees, the police found the petitioner in a densely wooded area behind the restaurant underneath some sheet metal. After the petitioner had been taken into custody, he was identified as the McDonald's intruder by three McDonald's employees. Id., 546–49.

A search of the rear of the restaurant yielded a small holster and four .38 caliber bullets. The next day, the police found in the wooded area behind the restaurant a .38 caliber handgun that they were able to trace to the petitioner. Id., 549.

On their arrival at the scene, the police had observed a black Oldsmobile in the parking lot of a nearby shopping plaza, which a later license plate check identified as belonging to the petitioner. The petitioner testified that he had had car trouble that night and that he had attempted to call a tow truck from the McDonald's

restaurant. He claimed that, as he had approached the rear door of the restaurant, he had been assaulted and robbed by an Hispanic male who was wearing sunglasses and holding a gun. According to the petitioner, his assailant then had pointed his gun at the petitioner and told him to run into the wooded area, where he was subsequently found by the police. Id., 548–49.

## A

### Inadequate Investigation Claims

Without challenging the material facts recited in the Supreme Court's opinion, the petitioner argues that he is entitled to a new trial because trial counsel failed to investigate material evidence in three respects. He maintains that trial counsel should have (1) undertaken a forensic analysis of the head wound that he exhibited at the time of his arrest, which might have confirmed his story of what had transpired, (2) subpoenaed his former business partner, Hector Ortiz, to testify about the petitioner's financial stability at the time of the attempted robbery and (3) engaged an automotive mechanic to corroborate his representation at trial that his car had malfunctioned on the night of the incident.

As *Strickland* permits, we may affirm the judgment of the habeas court without determining the deficiency of trial counsel's performance if consideration of the prejudice prong will be dispositive of the ineffectiveness claim. See *Griffin* v. *Commissioner of Correction*, 98 Conn. App. 361, 366, 909 A.2d 60 (2006). To prevail, a petitioner who challenges a conviction on habeas must establish that there is a reasonable probability that, absent trial counsel's alleged errors, the fact finder would have had a reasonable doubt respecting guilt. Id.

In this case, we agree with the habeas court that the petitioner has failed to demonstrate a reasonable

probability of a different outcome. Preliminarily, we note that the petitioner faces a veritable Everest of inculpatory evidence that dramatically lessens the probability that he can show that additional evidence would have had a significant impact on the outcome of the trial. The petitioner's argument is made even more problematic by the fact that the habeas record contains remarkably little supporting evidence. It is difficult to mount a persuasive challenge to forensic analysis of the head wound manifested by the petitioner at the time of his arrest when he did not introduce medical records of the injury or present testimony from the treating physician or an expert witness. Similarly, the claim that Ortiz should have been called to testify falters on the failure to present evidence that his testimony would have been favorable.

With respect to the condition of the petitioner's car on the evening of the crime, trial counsel testified: "My investigator went to the car to check it out. . . . [D]ue to the passage of time, my best recollection was that we couldn't determine [whether] any mechanical defect existed—that the item had been—the property had languished, if you will, in an impound lot for well over a year." To prevail in the face of this utter lack of potentially helpful evidence, the petitioner asks us to construe the evidence "that can no longer be retrieved" against "the spoliator," as he characterizes both trial counsel and the state. In essence, the petitioner asks the court to infer from the absence of contemporaneous testing of the car that counsel failed to present persuasive evidence to the jury to support his explanation for his entry into the McDonald's restaurant. We decline to engage in such speculation. "In a habeas corpus proceeding, the petitioner's burden of proving that a fundamental unfairness had been done is not met by speculation but by demonstrable realities." (Internal quotation marks omitted.) *Hopkins* v. *Commissioner*

*of Correction,* 95 Conn. App. 670, 677, 899 A.2d 632, cert. denied, 279 Conn. 911, 902 A.2d 1071 (2006).

Without the benefit of this speculation, it is evident that the petitioner has not demonstrated a reasonable probability that the fact finder could have had a reasonable doubt respecting his guilt. Under the second prong of *Strickland,* therefore, his claims fail. We affirm the habeas court's judgment with respect to the petitioner's claims of inadequate investigation.

## B

### Lack of Communication Claim

In his amended habeas petition, the petitioner also claimed, and continues to claim on appeal, that his trial counsel's assistance was ineffective because trial counsel did not discuss the case adequately with the petitioner prior to trial. Specifically, the petitioner claims that because trial counsel failed to ensure that the petitioner understood the ramifications of the proffered plea bargain, the petitioner made an uninformed decision to reject the plea. According to the petitioner, some of the findings made by the habeas court demonstrate his lack of understanding of the terms of the plea bargain and entitle him to favorable action on his habeas petition.

The petitioner's argument rests on several findings by the habeas court. The court stated: "[Trial counsel] advised the petitioner to accept the offer and enter a guilty plea. The petitioner instead chose, as was his right, to proceed to trial." Thereafter, the court stated: "[A]ssigning equal credibility to both the petitioner's and counsel's testimony, the court cannot conclude that [trial counsel']s performance was deficient or that he committed any unprofessional errors."

On appeal, the petitioner focuses on the habeas court's assignment of equal credibility to both trial

counsel and the petitioner. In his view, accepting the credibility of his testimony necessarily demonstrated that trial counsel's description of the plea bargain was constitutionally inadequate. He maintains that this reasoning is particularly compelling because, at the habeas hearing, trial counsel was unable clearly to recall his pretrial conversations with the petitioner. On this state of the record, he argues, "[trial counsel's] testimony cannot trump [the petitioner's] as to this issue . . . ."

In response, the respondent contends that although the habeas court may have stated that it assigned equal credibility to each person's testimony, "in reciting the facts relevant to the petitioner's claim with respect to the plea bargain, [the court] clearly gave more weight to [trial counsel's] version of events." We do not find that answer directly dispositive.

According to the applicable standard of review, this court "does not retry the case or evaluate the credibility of the witnesses." (Internal quotation marks omitted.) *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, 741, 937 A.2d 656 (2007). Regardless of the assessment of equal credibility by the habeas court,[3] the narrow question before us is whether trial counsel provided constitutionally effective assistance by *adequately explaining* the plea bargain. That is simply not the same question as whether the petitioner fully *understood* trial counsel's explanation of the ramifications of rejecting the plea.

The testimony at the habeas hearing demonstrates that trial counsel explained the plea agreement to the petitioner in some detail and offered legal advice with respect to its potential benefits for the petitioner.[4] The

---

[3] Neither party has challenged the habeas court's credibility findings under the requisite clearly erroneous standard of review.

[4] In plea bargains, certain safeguards help ensure that the defendant who enters a guilty plea "possesses an understanding of the law in relation to the facts." *McCarthy* v. *United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969). For instance, our judges are responsible for thoroughly

petitioner testified that he understood from trial counsel that the state was offering a plea agreement of a fifteen year sentence in exchange for guilty pleas on two pending cases, the McDonald's case and an unrelated arson case. The petitioner also testified: "[Trial counsel] told me that, considering the circumstances, it would have been better—best thing for me was to plead guilty." Trial counsel testified: "I think I urged him to accept the plea bargain either with [an] *Alford*[5] guilty plea or a *nolo contendere* plea." (Emphasis added.)

The habeas court heard conflicting evidence about why the petitioner chose not to follow trial counsel's advice. Trial counsel testified: "My recollection is [that] he was absolute in regard to his innocence and [that] this case will be tried." The petitioner testified that he had refused the plea because "[trial counsel] didn't tell me precisely what type of deal was working."

Assuming equal credibility to both statements, we agree with the habeas court that, nevertheless, the petitioner's second ineffective assistance claim must fail. Although the petitioner might have benefited from further explanation about the terms and consequences of the plea agreement, he has not demonstrated, as required under the first prong of *Strickland*, that trial counsel's actual explanation and advice fell below an objective standard of reasonableness under prevailing

---

canvassing the defendant who enters a nolo contendere or guilty plea. See Practice Book §§ 39-19, 39-20. Furthermore, evidence that a plea was entered due to incorrect advice given by an attorney may provide constitutional grounds for permitting the plea to be withdrawn. *State* v. *Collins*, 207 Conn. 590, 599 n.6, 542 A.2d 1131 (1988); *State* v. *Collins*, 176 Conn. 7, 10, 404 A.2d 871 (1978). Similar safeguards do not exist, however, to protect defendants who reject proffered plea agreements. Rejection of plea bargains does not trigger a judicial obligation to canvass the defendant and cannot be reversed even if the rejection resulted from an attorney's incorrect advice.

[5] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

professional norms. See *Strickland* v. *Washington,*
supra, 466 U.S. 687–88. The petitioner's testimony estab-
lishes that trial counsel explained the quid pro quo of
the plea agreement and provided legal advice about its
advisability. Accordingly, we affirm the judgment of the
habeas court that trial counsel's performance was not
deficient in this regard.

The judgment is affirmed.

In this opinion the other judges concurred.