******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

FRANK MCGEE *v.* COMMISSIONER OF CORRECTION
(AC 36141)

Lavine, Keller and Flynn, Js.

*Argued March 2—officially released June 16, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Cobb, J.

*Albert J. Oneto IV*, assigned counsel, with whom was
*David B. Rozwaski*, assigned counsel, for the appel-
lant (petitioner).

*Emily Graner Sexton*, special deputy assistant state's
attorney, with whom, on the brief, were *Maureen Platt*,
state's attorney, and *Cynthia S. Serafini*, senior assis-
tant state's attorney, for the appellee (respondent).

*Opinion*

LAVINE, J. The petitioner, Frank McGee, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion in denying his petition for certification to appeal. He argues that the court improperly found that his trial counsel did not render ineffective assistance by failing to: (1) adequately cross-examine two material witnesses; (2) respond to alleged juror misconduct; (3) file a posttrial motion on the basis of an inconsistent verdict; and (4) adequately prepare for the petitioner's sentencing hearing.[1] We dismiss the petitioner's appeal.

The underlying facts were set forth in this court's opinion in *State* v. *McGee*, 124 Conn. App. 261, 4 A.3d 837, cert. denied, 299 Conn. 911, 10 A.3d 529 (2010), cert. denied,      U.S.     , 131 S. Ct. 2114, 179 L. Ed. 2d 908 (2011), in which this court affirmed the trial court's judgment of conviction. The jury reasonably could have found the following facts. "At approximately 1 a.m. on March 23, 2007, the victims, D and T,[2] were on Pine Street in Waterbury, where they purchased a small amount of cocaine from an unidentified individual. Soon thereafter, a silver Lexus, driven by the [petitioner], pulled up to the victims. . . . The [petitioner] began asking D and T if they wanted to get shot. . . . The [petitioner] started going through D's pockets and found $6, which he took from him. The [petitioner] then searched T for cocaine by placing his hands on different parts of her body. . . . D went to his home, two houses away, and called 911. Police officers arrived and found a car matching the description given by D on Congress Avenue. D and T went to Congress Avenue and positively identified the [petitioner] and the other occupants of his car, who were arrested." (Footnote in original; internal quotation marks omitted.) Id., 263–64.

The petitioner was convicted, after a jury trial, of two counts of robbery in the second degree in violation of General Statutes § 53a-135 (a) (1) and (2), conspiracy to commit robbery in the second degree in violation of General Statutes §§ 53a-48 (a) and 53a-135 (a) (2), sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (2) and breach of the peace in the second degree in violation of General Statutes § 53a-181 (a) (3). Id., 263. The petitioner was acquitted of charges of larceny in the second degree in violation of General Statutes § 53a-123 (a) (3) and sexual assault in the third degree in violation of General Statutes § 53a-72a (a) (1) (A). Id., 263 n.1.

On direct appeal, the petitioner claimed, inter alia, that his conviction of two counts of robbery in the second degree was legally inconsistent with the acquittal on the larceny charge. Id., 264. He argued that this court should vacate the conviction of the two robbery

charges. Id. In affirming the judgment of conviction, this court held that *State* v. *Arroyo*, 292 Conn. 558, 973 A.2d 1254 (2009), cert. denied, 559 U.S. 911, 130 S. Ct. 1296, 175 L. Ed. 2d 1086 (2010), controlled and that the petitioner's claim was not reviewable. See *State* v. *McGee*, supra, 124 Conn. App. 264–66 (analyzing state and federal precedent).

Following the petitioner's unsuccessful direct appeal, on November 17, 2011, the petitioner filed an amended petition for a writ of habeas corpus. The petitioner claimed that his trial counsel, Christopher Parker, provided ineffective assistance. The matter was tried before the habeas court. At the habeas trial, the petitioner, Norman A. Pattis, an attorney expert, Nellie McGee, the petitioner's mother, Mary Anderson and Eileen Mayo, the petitioner's sisters, and Jacqueline Wieronski, a court clerk, testified. At the conclusion of evidence, the court instructed the petitioner to file a posttrial brief with the claims he wanted to pursue. The petitioner briefed the following four issues, which he has raised on appeal to this court: that trial counsel failed to (1) adequately cross-examine codefendant Michael Refalo, and T; (2) move for a mistrial on the ground of jury misconduct; (3) move for a mistrial on the ground that the verdict was inconsistent; and (4) adequately prepare for the petitioner's sentencing.

On August 16, 2013, the court issued a memorandum of decision denying the habeas petition. In its ruling, the court made the following determinations: (1) that "Attorney Parker's cross-examination of [Refalo and T] was objectively reasonable"; (2) there was no juror misconduct and "[m]oreover, the petitioner has failed to prove any prejudice"; (3) that "the petitioner's attorney expert testified that the failure to file a posttrial motion on [the issue of an inconsistent verdict] did not constitute deficient performance based on the Supreme Court's decision in *State* v. *Arroyo*, [supra] 292 Conn. 585–86"; and (4) that "Attorney Parker's representation of the petitioner at sentencing was objectively reasonable." For those reasons, the habeas court denied the petitioner's amended petition for a writ of habeas corpus. Subsequently, on August 28, 2013, the court denied the petition for certification to appeal. This appeal followed.

On appeal, the petitioner claims that the habeas court abused its discretion by denying his petition for certification to appeal. We begin our analysis with the relevant standard of review. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the

denial of his petition for certification constituted an abuse of discretion. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *Wilson* v. *Commissioner of Correction*, 150 Conn. App. 53, 56–57, 90 A.3d 328, cert. denied, 312 Conn. 918, 94 A.3d 641 (2014).

"We examine the petitioner's underlying claim of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Day* v. *Commissioner of Correction*, 151 Conn. App. 754, 757–58, 96 A.3d 600, cert. denied, 314 Conn. 936, 102 A.3d 1113 (2014).

"In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable. . . . A reviewing court need not address both components of the inquiry if the [petitioner] makes an insufficient showing on one." (Internal quotation marks omitted.) *Miller* v. *Commissioner of Correction*, 153 Conn. App. 747, 751–52, 104 A.3d 767 (2014), cert. denied, 315 Conn. 912, 106 A.3d 304 (2015). With that standard in mind, we examine the petitioner's claims.

I

The petitioner's first claim is that the court improp-

erly concluded that trial counsel's cross-examination of Refalo and T was adequate. Specifically, the petitioner argues that trial counsel elicited damaging testimony from Refalo, namely, that the petitioner had punched one of the two victims, which had not been elicited on direct examination. The petitioner also claims that his counsel failed to object to T's testimony that the petitioner was violent and in jail. We are not persuaded.

The habeas court determined that trial counsel's representation of the petitioner was not deficient relative to counsel's questioning of Refalo regarding the petitioner having punched D, the habeas court found that Refalo had already testified to this alleged fact on direct examination.[3] Further, the court held that "[t]he petitioner has failed to prove this claim and has not indicated any legal basis for such a challenge to an eyewitness' account of the events." In regard to the petitioner's claim that trial counsel failed to object to T's testimony that the petitioner was violent and in jail, the court held that T's comments did not prejudice the petitioner and that "[o]ur courts have found that remarks regarding a defendant's pretrial incarceration did not deprive the [petitioner] of a fair trial." The court found that trial counsel's cross-examination of both Refalo and T was "consistent with [the] petitioner's defense of undermining the credibility of the state's witnesses and denying his participation in the crimes despite his presence when they occurred." The habeas court found trial counsel's questioning adequate because the petitioner failed to prove that counsel's approach fell below the range of reasonable professional assistance.

On the basis of our review of the record, we agree with the habeas court's conclusion that the petitioner failed to demonstrate that trial counsel's questioning of Refalo and T constituted deficient performance or that it was prejudicial. "An attorney's line of questioning on examination of a witness clearly is tactical in nature. [As such, this] court will not, in hindsight, second-guess counsel's trial strategy." (Internal quotation marks omitted.) *Antonio A*. v. *Commissioner of Correction*, 148 Conn. App. 825, 832, 87 A.3d 600, cert. denied, 312 Conn. 901, 91 A.3d 907 (2014). We acknowledge the habeas court's conclusion that the question on cross-examination that elicited the testimony that the petitioner punched D was essentially subsumed by Refalo's testimony on direct examination. Moreover, we reject the proposition that a question which elicits marginally damaging testimony amounts to ineffective assistance. As any trial lawyer knows, anytime questions are put to a witness, a risk exists that unhelpful information will be disclosed. In addition, "[t]he decision of a trial lawyer not to make an objection is a matter of trial tactics, not evidence of incompetency. . . . [T]here is a strong presumption that the trial strategy employed by a criminal defendant's counsel is reasonable and is a result of the exercise of professional judgment . . . .

An [e]xperienced [litigator may] utilize the trial technique of not objecting to inadmissible evidence to avoid highlighting it in the minds of the jury." (Internal quotation marks omitted.) *White* v. *Commissioner of Correction*, 145 Conn. App. 834, 855–56, 77 A.3d 832, cert. denied, 310 Conn. 947, 80 A.3d 906 (2013). Accordingly, we conclude that the petitioner has failed to overcome the presumption that trial counsel's questioning of Refalo and T represented a reasonable trial strategy.

## II

The petitioner next claims that the court improperly found that trial counsel did not render ineffective assistance by failing to respond to the alleged juror misconduct.[4] This claim lacks merit.

The following facts are relevant to our disposition of this claim. At the habeas proceeding, Wieronski testified that after the court dismissed the jury to begin deliberations, she overheard a juror discussing the case when she delivered the exhibits to the jury room. The trial court put the issue on the record and concluded that Wieronski heard a juror say "sexual something" after the trial court took attendance and the jury began deliberations. The record reveals that the alleged juror misconduct occurred on the morning of March 11, 2008, one day after the court excused the jury from the courtroom to begin deliberations. The trial court stated that Wieronski was mistaken in believing that the jury was not supposed to begin deliberating until after she delivered the exhibits and, therefore, there was no juror misconduct.

We agree with the court that trial counsel provided effective assistance. The habeas court properly concluded that "[a]t the time that the clerk had overheard the jury discussing the case, the case had already been properly submitted to it for deliberations" and, therefore, trial counsel was not deficient in failing to respond to the juror misconduct, or lack thereof. As the habeas court found, "it was evident that the clerk mistakenly believed that the jury could not start deliberating until after the exhibits arrived, despite the fact that the court expressly told them they could do so." We, therefore, conclude that trial counsel did not render ineffective assistance in failing to respond to a claim of juror misconduct that lacked merit.[5] See *Tillman* v. *Commissioner of Correction*, 54 Conn. App. 749, 756–57, 738 A.2d 208 ("failure to pursue unmeritorious claims cannot be considered conduct falling below the level of reasonably competent representation" [internal quotation marks omitted]), cert. denied, 251 Conn. 913, 739 A.2d 1250 (1999).

## III

We next address the petitioner's third claim, which is that the court incorrectly concluded that trial counsel did not render ineffective assistance in failing to file a

posttrial motion on the basis of an inconsistent verdict. The petitioner contends that trial counsel should have moved for a judgment of acquittal on the basis of the jury's having returned an inconsistent verdict. The respondent, the Commissioner of Correction, argues that the petitioner's claim was already raised and decided on his direct appeal. In his direct appeal, the petitioner claimed that due to the inconsistent verdict, his conviction of two counts of robbery in the second degree should have been vacated. *State* v. *McGee*, supra, 124 Conn. App. 265. This court held that pursuant to *State* v. *Arroyo*, supra, 292 Conn. 585–86, the petitioner's claim of a legally inconsistent verdict was not reviewable. *State* v. *McGee*, supra, 266.

We agree with the respondent that the petitioner's claim is barred by the doctrine of res judicata. "The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made. . . . The doctrine . . . applies to criminal as well as civil proceedings and to state habeas corpus proceedings." (Internal quotation marks omitted.) *Carter* v. *Commissioner of Correction*, 133 Conn. App. 387, 393, 35 A.3d 1088, cert. denied, 307 Conn. 901, 53 A.3d 217 (2012). Because the court ruled that the petitioner's previous claim of a legally inconsistent verdict was not reviewable, his claim on appeal that trial counsel rendered ineffective assistance by failing to file a posttrial motion is barred by the doctrine of res judicata.

IV

The petitioner's final claim is that the court improperly concluded that trial counsel was not ineffective in allegedly failing to prepare for the petitioner's sentencing hearing. Specifically, the petitioner argues that his trial counsel's performance "prejudiced the outcome of the petitioner's sentencing hearing because [trial counsel] had not prepared the petitioner properly, or investigated the presentence investigation report (PSI) with the [p]etitioner for inaccuracies, or consulted with the petitioner's family for mitigating evidence outside the PSI." (Internal quotation marks omitted.) We disagree.

The habeas court found the following facts. "Prior to and at the sentencing, the court and the parties had a copy of the PSI prepared by the department of probation. The PSI included statements from a number of the petitioner's family members, including his mother, brother and sisters, that were beneficial to the petitioner. . . . [The petitioner] had no significant work history . . . [and] Attorney Parker met with the petitioner prior to the sentencing and reviewed the PSI with him." "In rendering its sentence, the [trial] court considered the mitigating factors including the fact that the petitioner had a supportive family, had a substance

abuse problem and that the victims were involved in criminal activity." At the habeas trial, the petitioner testified that the PSI contained numerous inaccuracies that did not reflect that he had "a much more extensive work history," that his prison disciplinary history was "more reflective of his prior incarcerations and not his present situation," that he had a good relationship with his son and that none of his prior convictions involved the use of a firearm.

The habeas court concluded that trial counsel's performance at sentencing was objectively reasonable. The court found that the allegations of error in the PSI were "inaccurate" and that any errors were "insubstantial." The court further concluded that any additional evidence of familial support would have been cumulative of the information within the PSI. Furthermore, the court concluded that "the petitioner has failed to prove prejudice in that he has failed to prove that he would have received a lesser sentence but for counsel's deficiencies."

The sentencing court acknowledged the mitigating factors such as the petitioner's familial support and substance abuse issues. The record is clear that the sentencing court predicated its sentence primarily on the petitioner's unwillingness to admit guilt and criminal history. The court nonetheless took into account the mitigating factors in rejecting the state's argument for the maximum sentence in this case. Accordingly, we conclude that the petitioner has failed to demonstrate that, but for trial counsel's alleged unprofessional errors, the result of the proceeding would have been different. See, e.g., *Ruffin* v. *Commissioner of Correction*, 106 Conn. App. 396, 400, 943 A.2d 1105 (failure to correct error in presentence investigation report not ineffective assistance because petitioner failed to demonstrate that "the discrepancy would have made a difference in the sentence imposed"), cert. denied, 286 Conn. 922, 949 A.2d 481 (2008).

Having carefully reviewed the claims raised by the petitioner, as well as the court's resolution of those claims, we conclude that the petitioner has not established that the court's resolution of those issues is debatable among jurists of reason, that a court could have resolved them in a different manner, or that the questions presented are adequate to deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, supra, 230 Conn. 616. The habeas court, therefore, did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] The petitioner also claims that, viewed cumulatively, trial counsel's actions and omissions amount to ineffective assistance. Specifically, the petitioner argues that the cumulative effect of trial counsel's "deficient

performance at the . . . criminal trial prejudiced the outcome of the petitioner's criminal case." Both this court and our Supreme Court have declined to recognize such a claim. "Our Supreme Court has declined 'to create a new constitutional claim in which the totality of alleged constitutional error is greater than the sum of its parts.' " *Adorno* v. *Commissioner of Correction*, 66 Conn. App. 179, 195–96 n.7, 783 A.2d 1202, cert. denied, 258 Conn. 943, 786 A.2d 428 (2001), quoting *State* v. *Tillman*, 220 Conn. 487, 505, 600 A.2d 738 (1991), cert. denied, 505 U.S. 1207, 112 S. Ct. 3000, 120 L. Ed. 2d 876 (1992). The petitioner, therefore, has failed to state a claim.

[2] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[3] On direct examination, Refalo testified that the petitioner "kind of manhandles [D] and ran out and shakes him down." Similarly, on cross-examination Refalo testified that the petitioner "manhandled [D], punching [him] in the ribs." Trial counsel objected to Refalo's testimony that the petitioner punched D, but the court overruled the objection on the ground that the answer was responsive to the question.

[4] We note that the petitioner raised a narrower claim before the habeas court that trial counsel failed to seek a mistrial on the basis of juror misconduct. Although on appeal to this court, the petitioner's claim is broader than that raised before the habeas court, it still falls within the court's determination that trial counsel did not take any remedial steps on the basis of the alleged juror misconduct because "it was evident that the clerk mistakenly believed that the jury could not start deliberating until after the exhibits arrived . . . ."

[5] The petitioner agreed at oral argument before this court that the alleged juror misconduct occurred on day two of jury deliberations and, therefore, the jurors had the opportunity to see the exhibits the day before. The petitioner's claim also fails because the jury did not return a verdict before the exhibits were delivered on the second day of jury deliberations. The petitioner, therefore, has failed to identify any prejudice stemming from the alleged juror misconduct. We note that it is better practice for a court to instruct the jury to wait to deliberate until all of the fully admitted exhibits are delivered to the jury room. See *State* v. *Washington*, 182 Conn. 419, 425, 438 A.2d 1144 (1980) ("it is improper for jurors to discuss a case among themselves until all the evidence has been presented, counsel have made final arguments, and the case has been submitted to them after final instructions by the trial court"); see also Practice Book § 42-23.